# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN G. WHETSTONE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOWARD UNIVERSITY, *et al.*,<br><br>　　　　Defendant. | Civil Action No.<br>23-cv-2409 (LLA/GMH) |

## MEDIATION STANDING ORDER

This matter has been referred to the undersigned for the purpose of mediation. Accordingly, it is hereby

**ORDERED** that counsel for all parties involved in the mediation shall confer regarding dates for a settlement conference. After the parties have conferred, counsel shall inform the undersigned, via the email addresses identified below, of three (3) dates within the mediation referral period that are acceptable to all parties involved. At that time, counsel shall also inform the Court whether they prefer a remote mediation, and in-person mediation, or have no preference. The undersigned will then select an appropriate date and set the conference on the Court's docket. If the parties fail to apprise the undersigned of the required information within three (3) business days of this Order, the undersigned shall set the conference unilaterally and will assume that the parties do not object to conducting the proceeding remotely, if appropriate. It is further

**ORDERED** that the conference shall be attended by an authorized representative of each party involved, together with trial counsel for each party. An insured party need not attend unless the settlement decision will be made in part by the insured. When the settlement decision will be

made in whole or in part by an insurer, the insurer shall send a representative in person with full and complete authority to make settlement decisions unless an exception is requested and granted by the undersigned for good cause shown.  A corporate party or other business entity shall send a representative from the business entity[1] with full and complete authority to bind the entity unless an exception is requested and granted by the undersigned for good cause shown.  A governmental entity shall send a representative authorized to act on its behalf.  It is further

**ORDERED** that the parties shall each provide to the undersigned, <u>ex parte</u>, a short and confidential mediation statement by close of business seven (7) days prior to mediation.  The mediation statement shall not become a part of the file in the case but shall be for the exclusive use of the undersigned in preparing for and conducting the settlement conference.  The mediation statement should be sent via email to the undersigned's law clerk, identified below.  In these statements, the parties **shall** each include:

(a) the name, title, and contact information of each person who will be participating in the mediation on behalf of that party and designate which individuals will have settlement or negotiating authority;

(b) a candid assessment of the major legal and factual issues in the case, including the strengths and weaknesses of the claims and/or defenses raised;

(c) if discovery has not been completed, an explanation of whether the exchange of any documents or records prior to mediation would make the mediation session more productive and a description of the nature of any such documents or records;

(d) the potential monetary exposure of any applicable damages and/or attorney's fees claims;

(e) a history of previous settlement negotiations, if any;

(f) the party's ideas on how the case could be resolved at this juncture;

(g) any impediments to settlement that the party perceives; and

---

[1] Outside counsel, appearing alone, may not serve as the authorized representative of a business entity without express permission from the undersigned.

(h)     a present settlement proposal.

If there are any key documents that the undersigned should review prior to the settlement conference, please attach them. The mediation statements should not be lengthy, but should contain enough information to be useful to the undersigned in analyzing the factual and legal issues in the case. The parties are directed to be candid in their mediation statements. It is further

**ORDERED** that in the event that a participant requires sign language interpreting during mediation, the parties shall notify the Court of that request at least three weeks prior to the mediation. If the parties require any other language interpretation or translation services, they are responsible for providing it themselves.

The parties are further advised of the following:

(a)     Settlement conferences are set at 10:00 a.m. on any weekday. However, the undersigned does not schedule mediations during the periods in which he is on criminal duty. As of now, the times during the upcoming months for which he is scheduled to be on criminal duty or is otherwise unavailable are: December 2–9, 12, 19–31; January 1, 13–24, 30; and February 11, and 17.

(b)     Participants in the mediation should refrain from scheduling other matters or appointments on the date of the mediation, including into the evening. If any party will be traveling to the District of Columbia for the mediation, no return travel plans should be made on the day of the mediation.

(c)     Unless it is held remotely, the settlement conference will take place in Courtroom 6 within the E. Barrett Prettyman United States Courthouse located at 333 Constitution Avenue N.W., Washington, D.C. 20001. The nearest Metro stop is Judiciary Square on the Red Line.

**SO ORDERED.**

Date: November 25, 2024

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

**Assigned Law Clerk:**
Audrey Gregory
(202) 354-3135
Audrey_Gregory@dcd.uscourts.gov
Harvey_Chambers@dcd.uscourts.gov